DOCKET NO. 451

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SHOPPING CARTS ANTITRUST LITIGATION

TRANSFER ORDER

This litigation presently consists of 34 actions pending in ten districts as follows:

| | |
|---|---|
| Southern District of New York | 15 |
| Northern District of Illinois | 6 |
| Central District of California | 3 |
| Eastern District of Pennsylvania | 2 |
| Southern District of Texas | 2 |
| District of Massachusetts | 2 |
| Eastern District of Wisconsin | 1 |
| Western District of Pennsylvania | 1 |
| Northern District of Mississippi | 1 |
| Northern District of California | 1 |

The matter is before the Panel on the motion of plaintiffs in 27 actions listed on the attached Schedule A to centralize, pursuant to 28 U.S.C. §1407, all actions in this litigation in either the Southern District of New York or the Northern District of Illinois for coordinated or consolidated pretrial proceedings, and also on the motion of plaintiffs in one action to centralize all actions in this litigation in the Eastern District of Wisconsin.1/ In addition, all defendants have moved to transfer the Mississippi action (Dunlap) to the Northern District of Illinois under Section 1407.2/

All parties except plaintiffs in two actions favor or do not oppose transfer of the actions to a single district for coordinated or consolidated pretrial proceedings. Plaintiffs in the Dunlap action pending in the Northern District of

---

1/ Plaintiffs' motions also included the action captioned Busy Boy Markets, Inc., et al. v. Roblin Industries, Inc., et al., N.D. California, C.A. No. C80-4140-SAW (Busy Boy). On February 9, 1981, however, Busy Boy was remanded to California state court. Accordingly, the motion pursuant to 28 U.S.C. §1407 for transfer of Busy Boy for coordinated or consolidated pretrial proceedings is denied as moot.

2/ The Panel also has been advised of a related action captioned Pickwell Fine Foods Supermarket, Inc. v. Roblin Industries, Inc., et al., S.D. New York, C.A. No. 80 Civ. 5270. This action will be treated as a potential tag-along action. See Rule 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 567-69 (1978).

Mississippi and plaintiff in the Giant Eagle action pending in the Western District of Pennsylvania maintain that their respective actions should be excluded from any transfer order that the Panel might issue in this litigation. Alternatively, plaintiffs in the Mississippi action favor centralization in the Northern District of Mississippi.[3/] The principal dispute concerns the selection of the transferee district. Most of the plaintiffs favor centralization in either the Southern District of New York or the Northern District of Illinois. All defendants favor centralization in the Northern District of Illinois. Plaintiff in one action favors centralization in the Eastern District of Wisconsin; plaintiff in one action favors centralization in either the Northern District of California or the Central District of California; and plaintiffs in one action favor centralization in the Northern District of Mississippi.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization of the actions under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Although we are of the view that either the Southern District of New York or the Northern District of Illinois could be described as an appropriate transferee forum for this litigation, we conclude that the Southern District of New York is preferable. The fact that related grand jury proceedings occurred in the Southern District of New York tips the scales in favor of that forum under the circumstances in this litigation.

The documents and transcripts of testimony on which the grand jury relied in returning its indictment are likely to be sought by the litigants in the actions presently before us, and those materials are located in the Southern District of New York. Furthermore, the United States Supreme Court, in Douglas Oil Company v. Petrol Stops Northwest, 441 U.S. 211 (1979), has required, with respect to access to grand jury materials in related antitrust actions, coordination between the court presiding over the grand jury proceedings and the court presiding over the related antitrust actions. This coordination can more easily be accomplished by selecting as transferee district the same district in which the grand jury sat. See In re California Armored Car Antitrust Litigation, 476 F. Supp 452, 454 (J.P.M.L. 1979).

---

[3/] Plaintiffs in Dunlap have filed a motion to remand Dunlap to Mississippi state court. We have decided to defer further consideration of the Section 1407 motion to transfer Dunlap until the motion to remand Dunlap to Mississippi state court has been resolved.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles L. Brieant for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS ALSO ORDERED that further consideration of transfer under 28 U.S.C. §1407 of the action captioned <u>Sam Dunlap, et al. v. Roblin Industries, Inc., et al.</u>, N.D. Mississippi, C.A. No. EC80-340-WK-P, be, and the same hereby is, DEFERRED, until the motion to remand this action to Mississippi state court is resolved.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

Docket No. 451 -- In re Shopping Carts Antitrust Litigation

    Central District of California
Joseph B. Goldberg, etc. v. Roblin Industries, Inc., et al.,
  C.A. No. CV80-4085-DWW
Raley's v. Roblin Industries, Inc., et al.,
  C.A. No. CV80-4083-AWT
Arden-Mayfair Inc., et al. v. Technibilt Corp., et al.,
  C.A. No. CV80-4993-AWT
    Northern District of California
Safeway Stores v. Roblin Industries, Inc., et al.,
  C.A. No. C80-4077-WWS
    Northern District of Illinois
The Food Seller, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-4984
Mechanical Rubber & Supply Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-4986
Plesing Super Mart, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-5002
Penny's Supermarkets, Inc. v. Unarco Industries, Inc., et al.,
  C.A. No. 80-5054
Les On Retail Systems, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-5072
Buy Low, Inc., et al. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-4958
    District of Massachusetts
The Stop & Shop Co., Inc., et al. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-2203
Great Scott Food Markets v. Unarco Industries, Inc., et al.,
  C.A. No. 80-2415-G
    Southern District of New York
Resjefal Corp. v. Unarco Industries, Inc., et al.,
  C.A. No. 80 Civ 5076
Toys "R" Us, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5092
Chatham Supermarkets, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5103
Alexanders Markets, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5108
Eastside Foods, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5140
Pik N Pak v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5181
Win-Holt Equipment Corp. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5258
Murray's of Baderwood, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5259
Shopwell, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5253
Lomark Discount Drugs, Inc. v. Unarco Industries, Inc., et al.,
  C.A. No. 80 Civ 5269
Martin Perlov, et al. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5260

Southern District of New York (continued)

Pick Quick Foods, Inc. v. Roblin Industries, Inc. et al.,
  C.A. No. 80 Civ 5334

PSK Food Corp., et al. v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5445

Zayre Corporation v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 5737

CES Operating Co. t/a Great Scott Markets v. Roblin Industries, Inc., et al.,
  C.A. No. 80 Civ 6088

  Eastern District of Pennsylvania

Giant Markets, Inc. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-3491

Davisville Center, Inc., et al. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-3526

  Western District of Pennsylvania

Giant Eagle Markets v. Roblin Industries, Inc.,
  C.A. No. 80-1472

  Southern District of Texas

Schepps Grocery Company v. Roblin Industries, Inc., et al.,
  C.A. No. H-80-2091

Char-Pac, Inc. d/b/a Foodland v. Roblin Industries, Inc., et al.,
  C.A. No. H-80-2102

  Eastern District of Wisconsin

Godfrey Co. v. Roblin Industries, Inc., et al.,
  C.A. No. 80-979